NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GILDARDO QUERO-QUERO, AKA Saterino Cobarybias,<br><br>      Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>      Respondent. | No. 16-72514<br><br>Agency No. A200-149-682<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2018[**]
Seattle, Washington

Before: BLACK,[***] TALLMAN, and BEA, Circuit Judges.

Gildardo Quero-Quero, a native and citizen of Mexico, petitions for review

of the order of the Board of Immigration Appeals (BIA), affirming the Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan H. Black, United States Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

Judge's (IJ) decision denying his application for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings underlying its denial of relief. *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013).

Substantial evidence supports the BIA's denial of withholding of removal because Quero failed to demonstrate a nexus between any alleged persecution and his social group of family. *See Matter of L-E-A*, 27 I. & N. Dec. 40, 43-44 (BIA 2017) (explaining "[i]f the persecutor would have treated the applicant the same if the protected characteristic of the family did not exist, then the applicant has not established a claim on this ground"). Substantial evidence also supports the BIA's denial of CAT relief because the record does not compel the conclusion that it is more likely than not that Quero will be tortured at the instigation of, or with the acquiescence of, the government if returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008) (discussing standard for CAT relief). Accordingly, we deny Quero's petition for review.

**PETITION DENIED.**